**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **JANE CAREN WRIGHT,** | ) | |
| | ) | |
| **Debtor/Appellant,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:25-cv-03047-BCL-atc** |
| | ) | |
| **PHH,** | ) | |
| | ) | |
| **Creditor/Appellee.** | ) | |

**REPORT AND RECOMMENDATION TO DISMISS APPEAL AND**
**ORDER ON PENDING MOTION**

On November 17, 2025, Debtor/Appellant Jane Caren Wright filed a Notice of Appeal from *In re Wright* in the United States Bankruptcy Court for the Western District of Tennessee, Case No. 23-23604 ("the Bankruptcy Case"). (ECF No. 1.) District Judge Brian C. Lea entered an order on June 11, 2026, requiring Wright to show cause at to why her appeal should not be dismissed for lack of prosecution. (ECF No. 9.) In response, on June 16, 2026, Wright filed a motion for extension of time to perfect her appeal (ECF No. 10), which Judge Lee subsequently referred to the undersigned for determination (ECF No. 11). The Court then held a status conference and hearing on the motion on June 24, 2026, via Microsoft Teams. (ECF No. 14.)

For the reasons addressed at the hearing and discussed below, it is recommended that Wright's appeal be dismissed. The Court denies Wright's pending motion for extension of time.

**REPORT AND RECOMMENDATION**

I.  **Proposed Findings of Fact**

Wright seeks to appeal an order entered in the Bankruptcy Case on "about November 10, 2025." (ECF No. 1, at 1.) According to Wright, in September 2024, Creditor/Appellee PHH offered to modify the mortgage on her home in the context of the Bankruptcy Case. (*Id.*) Wright claims that PHH reneged on that offer after it sent the mortgage documents to her former attorney in the Bankruptcy Case on December 13, 2024, and not to her directly, such that Wright could not meet the deadline to sign the documents before PHH's offer expired on December 31, 2024.[1] (*Id.* at 1–2.) When PHH subsequently withdrew its offer, Wright filed a *pro se* motion in the Bankruptcy Case to enforce the loan modification. (*Id.* at 2–3.) Her *pro se* motion in the Bankruptcy Case was denied, and it is that denial that Wright appealed to this Court. (*Id.*)

A review of the Bankruptcy Case docket is instructive to the recommendation herein. *See In re Harang*, No. 2:21-cv-02387-JTF-tmp, 2022 WL 6184965, at *1 (W.D. Tenn. Oct. 7, 2022) ("The procedural history of the present case is confusing and complicated by the fact that [the] appeal largely focuses on the substance of a previous order not before the Court. However, given that that order is a matter of public record, the Court takes judicial notice of that order so that it may present a complete view of present issues."). The Bankruptcy Court initially denied Wright's *pro se* motion to enforce the PHH loan modification on September 22, 2025, and upon reconsideration on November 17, 2025, based, in part, on a factual finding that PHH mailed the loan modification paperwork to both Wright at her home address and to her former attorney prior to the offer's expiration date. *See* No. 23-23604, ECF Nos. 113, 122 (Bankr. W.D. Tenn.

---

[1] As discussed below, Bo Luxman became Wright's attorney in the Bankruptcy Case after her former attorney withdrew. Luxman is still Wright's attorney in the Bankruptcy Case, which remains pending.

Sept. 22, Nov. 11, 2025).  On December 3, 2025, Wright filed—through her attorney Luxman—an amended Chapter 13 Plan stating that the PHH mortgage is "pending loan modification." No. 23-23604, ECF No. 133, at 1 (Bankr. W.D. Tenn. Dec. 3, 2025).  Then, on February 13, 2026, Wright filed another amended Chapter 13 Plan, again through counsel, stating that "[o]ngoing mortgage and mortgage arrearages will be paid directly by the Debtor or the plan will be amended to provide for them."  No. 23-23604, ECF No. 139, at 1 (Bankr. W.D. Tenn. Feb. 13, 2026).  Thereafter, on February 20, 2026, an agreed order was entered—signed by Luxman on behalf of Wright—that modified the PHH mortgage on a trial basis, to become permanent upon successful completion of the trial period payments and further orders in the Bankruptcy Case.  No. 23-23604, ECF No. 140, at 2–4 (Bankr. W.D. Tenn. Feb. 20, 2026). Next, on February 28, 2026, Wright's Chapter 13 plan was approved, including the agreed modification to the PHH mortgage.  No. 23-23604, ECF No. 144, at 1–3 (Bankr. W.D. Tenn. Feb. 28, 2026).  Finally, on April 27, 2026, a notice of mortgage payment change was entered, reflecting the terms of the PHH loan modification, agreed to by Wright through counsel.  No. 23-23604, ECF No. 152, at 1 (Bankr. W.D. Tenn. Apr. 27, 2026).  No order of dismissal, discharge, or final decree appears on the docket in the Bankruptcy Case, which remains pending.  *See generally* No. 23-23604.

At the hearing before the undersigned on June 24, 2026, Wright, Luxman, and counsel for PHH appeared via Microsoft Teams to discuss the status of this appeal.  (ECF No. 14.) Luxman confirmed on the record that, though he remains Wright's attorney in the Bankruptcy Case, he is not representing her in this appeal, and she is proceeding *pro se*.[2]  (*Id.*)  In response to

---

[2] Prior to the hearing, the Record in this case was unclear as to Luxman's representation status, as the ECF system automatically associated him as counsel for Wright when the appeal was taken from the Bankruptcy Case.  Now that Wright's *pro se* status in this appeal has been

questions from the undersigned, counsel for PHH discussed that, after Wright filed this *pro se* appeal, her amended Chapter 13 plan was approved, including the agreed PHH loan modification, such that any issues raised by Wright in this appeal are now moot.  (*Id.*)  In response to the Court's questions, Wright agreed that all issues related to the PHH loan modification have now been resolved.  (*Id.*)  Wright requested that this appeal be dismissed. (*Id.*)

## II.      Proposed Conclusions of Law

### A.      Interlocutory Nature of the Appeal

"A federal district court has jurisdiction to hear appeals—and an aggrieved litigant may appeal as of right—from 'final judgments, orders, and decrees' of a bankruptcy court.  In the Sixth Circuit, 'finality is considered in a more pragmatic and less technical way in bankruptcy cases than in other situations.'"  *In re Gray*, 447 B.R. 524, 528 (E.D. Mich. 2011) (quoting 28 U.S.C. § 158(a)(1); *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 578 (6th Cir. 2008)). "The test for finality in the bankruptcy context has often been stated as requiring a showing that the challenged order finally disposes of discrete disputes within the larger case."  *Id.* (citations omitted and cleaned up).  "This test has also been said to require a showing that the order 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  *Id.* (quoting *In re Barrett*, 337 B.R. 896, 598 (B.A.P. 6th Cir. 2006)); *see also In re Campbell*, 10-cv-12630, 2011 WL 768644, at *1 (E.D. Mich. Feb. 28, 2011) ("Because the bankruptcy court's order denying summary judgment is not a final order, Debtors may appeal only with leave of the court." (citing 28 U.S.C. § 158(a)(3)).

---

confirmed, pursuant to Administrative Order No. 2013-05, this case has been referred to the undersigned for management and/or report and recommendation as appropriate

In this Appeal, Wright identifies no final judgment, order, or decree that she appeals from; indeed, a review of the Bankruptcy Case reflects that no such final order has been entered. Instead, at most, she seeks to appeal an interlocutory order that, as discussed below, did not conclusively resolve any discrete issue or dispute, as a modification took place on the PHH mortgage subsequent to the filing of this Appeal. The appeal is thus interlocutory.

B.    Wright's Interlocutory Appeal Should Be Dismissed

"Pursuant to 28 U.S.C. § 158(a)(3), a district court may hear an appeal from a bankruptcy court's interlocutory order if the district court grants a party's motion for leave to file such an appeal." *Harang*, 2022 WL 6184965, at *4 (quoting *In re Energy Conversion Devices, Inc.*, 638 B.R. 81, 88 (E.D. Mich. 2022)).[3] "Because neither 28 U.S.C. § 158(a), nor Fed. R. Bankr. P. 8004[,] state how a district court should determine whether to grant an appellant leave to appeal, district courts have adopted the standard set forth in 28 U.S.C. § 1292(b), which deals with interlocutory appeals from district courts to courts of appeal." *Energy Conservation Devices*, 638 B.R. at 88 (citing *In re Brentwood Golf Club*, 329 B.R. 239, 242 (E.D. Mich. 2005); *In re Ragle*, 395 B.R. 387, 394 (E.D. Ky. 2008)).

> Under § 1292(b), an appellant seeking review of an interlocutory order must show: "(1) the question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the [bankruptcy] court's decision; and (4) an immediate appeal would materially advance the ultimate termination of the litigation. Review under § 1292(b) should be sparingly granted and then only in exceptional cases."

---

[3] In this case, Wright filed a Notice of Appeal, rather than a motion for leave to appeal an interlocutory order under 28 U.S.C. § 158(a)(3). Federal Rule of Bankruptcy Procedure 8004(d)(1) provides that "the district court . . . may treat the notice of appeal as a motion for leave to appeal and grant or deny it." The Court follows this procedure herein.

*Plan Adm'r v. Anderson Excavating, LLC*, 649 B.R. 525, 528 (S.D. Ohio 2023) (quoting *In re Wicheff*, 215 B.R. 839, 844 (B.A.P. 6th Cir. 1998)).[4]  "It is well-established that all three statutory requirements must be met for the court to certify an appeal under § 1292(b)."  *In re Fournier*, No. 3:25-cv-1688, 2025 WL 2799432, at *1 (N.D. Ohio Oct. 1, 2025) (quoting *Lang v. Crocker Park, LLC*, No. 1:09-cv-1412, 2011 WL 3297865, at *5 (N.D. Ohio July 29, 2011)). "Interlocutory appeals are intended for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record . . . . An appeal that presents a mixed question of law and fact does not meet this standard."  *Id.* (citations omitted).

"Even when all three criteria are met, 'district courts have unfettered discretion to deny certification in light of the strong bias in federal practice against interlocutory appeals.'"  *Id.* at *2 (quoting *In re Great Atl. & Pac. Tea Co.*, 615 B.R. 717, 722 (S.D.N.Y. 2020)).  "The discretion of the district court should be used sparingly, since interlocutory bankruptcy appeals should be the exception, rather than the rule."  *Id.* (quoting *In re A.P. Liquidating Co.*, 350 B.R. 752, 755 (E.D. Mich. 2006)).  "Because interlocutory appeals contravene the judicial policy opposing piecemeal litigation, and cause delay and disruption, they should be granted sparingly and upon a showing of 'extraordinary circumstances.'"  *Id.* (quoting *Gray*, 447 B.R. at 533).

In this case, Wright has failed to show any of the required criteria under § 1292(b) that might permit an interlocutory appeal under § 158(a)(3).  She has identified no controlling question of law, no substantial ground for difference of opinion with the Bankruptcy Court's

---

[4] Some courts collapse the first two factors into a single factor consisting of "the order involves a controlling question of law," such that some courts identify only three required criteria.  *See Energy Conversion Devices*, 638 B.R. at 88 (citing *In re ASC Inc.*, 386 B.R. 187, 194 (E.D. Mich. 2008)) (identifying three required criteria for an interlocutory bankruptcy appeal to a district court under § 158(a)(3)).

order, and no suggestion that an immediate appeal would materially advance the ultimate termination of the Bankruptcy Case.  Rather, at most, she has identified a dispute as to the Bankruptcy Court's factual finding that she received PHH's mortgage modification documents prior to the offer's expiration on December 31, 2024.  (*See generally* ECF No. 1.)  Such a limited showing provides no basis for this Court to grant her leave for an interlocutory appeal.  *See Fournier*, 2025 WL 2799432, at *2–3 (denying leave to pursue an interlocutory appeal to the *pro se* debtor when he did not satisfy "his burden to show the disputes he offers involve controlling questions of law, much less a controlling question of law independent of the facts").  As a result, Wright has identified no circumstances, much less extraordinary circumstances, supporting an interlocutory appeal, and this appeal should be dismissed.

Finally, the Record in the Bankruptcy Case and Wright's statements at the June 24th hearing establish that all issues related to her appeal are now moot.  Even if she had shown a basis for an interlocutory appeal, this appeal should be dismissed at Wright's request so that she can continue with the Chapter 13 process in the Bankruptcy Court.

III.    **Recommendation**

For the foregoing reasons, the undersigned recommends that the Court exercise its discretion and dismiss this interlocutory bankruptcy appeal due to Wright's failure to demonstrate exceptional circumstances, because all issues that she raised are now moot in light of the agreed PHH mortgage modification in the Bankruptcy Case, and because Wright requested that this appeal be dismissed.

**<u>ORDER DENYING MOTION FOR EXTENSION OF TIME</u>**

In light of the recommendation above, Wright's motion for extension of time (ECF No. 10) is now moot.  As a result, the motion is DENIED.

7

## **CONCLUSION**

For the reasons set forth above, it is RECOMMENDED that this interlocutory appeal be

dismissed.  Wright's motion for extension of time is DENIED.

SO ORDERED this 26th day of June, 2026.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation
disposition, a party may serve and file written objections to the proposed findings and
recommendations.  A party may respond to another party's objections within fourteen (14) days
after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within
fourteen (14) days may constitute forfeiture/waiver of objections, exceptions, and further appeal.