**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**JANE CAGE WRIGHT**,

    Debtor,

    v.                                                                  Case No. 2:25-cv-03047-BCL-atc

**PHH,**

    Appellee.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION**

---

Before the Court is Magistrate Judge Annie T. Christoff's Report and Recommendation, entered June 26, 2026. Doc. 15. The Report recommends that Wright's bankruptcy appeal be dismissed as interlocutory, because all issues raised are now moot in light of the agreed PHH mortgage modification in the Bankruptcy Case, and because Wright requested that this appeal be dismissed. *Id.* at 7. Plaintiff had fourteen days after being served to file objections. Plaintiff did not file objections.

**<u>STANDARD OF REVIEW</u>**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of certain district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For non-dispositive orders, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). For dispositive matters,

"[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

## DISCUSSION AND CONCLUSION

The Court has reviewed the Report and the entire record in this matter and finds no error in the Magistrate Judge's analysis or conclusions. Moreover, the Magistrate Judge warned that:

> Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute forfeiture/waiver of objections, exceptions, and further appeal.

Doc. 15 at 8. Despite this clear warning, no objections were filed, so Plaintiff forfeited any challenge to the Report. *See Thomas*, 474 U.S. at 150.

Therefore, the Court hereby **ADOPTS** the Report and Recommendation (Doc. 15). Plaintiff's interlocutory bankruptcy appeal is **DISMISSED**, as confirmed by a separate judgment.

**IT IS SO ORDERED**, this 13th day of July, 2026.

s/*Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE